## Commonwealth v. One 1967 Pontiac

*Eric S. Coates*, for Commonwealth.

*Samuel J. Halpren*, for defendant.

SHELLEY, J. (Specially Presiding), August 25, 1972. —This matter is before the court on a rule granted the owner of the above-named automobile to show cause why proceedings of forfeiture of the above-named motor vehicle should not be quashed.

Sherone Bradley, owner of the above automobile was arrested on June 16, 1972, and charged with a viola-

tion of the Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. 165 (No. 64), 35 PS §780-101, et seq., which became effective June 14, 1972, in that he had possession of with intent to deliver a controlled substance, to wit, heroin. Concurrently with the arrest of the owner, the vehicle, which the owner was driving, was searched by the police pursuant to a search warrant and a substance which was later determined to be heroin was found in the automobile.

On July 12, 1972, the district attorney filed a complaint pursuant to the provisions of the Act of July 3, 1941, P. L. 263, 75 PS §2051, et seq., wherein an order of forfeiture, condemnation and sale was asked. An answer was filed to the complaint and thereafter a rule was granted on the district attorney to show cause why the proceedings for forfeiture should not be quashed. The reason assigned for the rule was that the provision relating to forfeiture of motor vehicles under the Act of 1941, supra, was repealed by implication by the provisions of the Act of April 14, 1972, P. L. 165 (No. 64), supra. There was a hearing on the merits of the matter on August 7, 1972, at which time all interested parties and their witnesses were heard.

Section 43 of Act of April 14, 1972, supra, which is the repealing section, provides that: "(a) The Act of September 26, 1961, (P. L. 1664), known as 'The Drug, Device and Cosmetic Act,' is hereby repealed. (b) All other acts, or parts of acts, inconsistent with this act are hereby repealed."

Section 28 of the Act of 1972, supra, provides for the forfeiture of motor vehicles which violate the act, and section 36 of the Act of 1972, supra, provides that "[t]he Administrative Agency Law, as amended, shall be applicable in its entirety to the Department of Health in the administration of [the Act of 1972,

supra]." Section 31 of the Act of June 4, 1945, P. L. 1388 (Administrative Agency Law), 71 PS §1710.31, complies with the provision of the Fourteenth Amendment to the Constitution of the United States in that the section provides for due process.

Many of the provisions of the Act of July 3, 1941, supra, are in conflict with and are repugnant to the provisions of the Act of 1972, supra. Some of those conflicts are: The Act of 1941, supra, provides: (1) that any vehicle being used to transport any narcotic or drugs which are in violation of law shall be forthwith delivered to the district attorney of the county wherein the seizure occurred or to the person designated by him, section 2, 75 PS §2052; (2) that the vehicle shall be returned to owner until the condemnation proceedings are adjudicated upon the filing of a bond, section 2, supra; (3) hearing and adjudication is by the Court of Common Pleas, section 2, supra; (4) the condemned vehicle shall be sold at public sale by the sheriff of the county and the proceeds paid to the county treasurer for the use of the county, section 4, 75 PS §2054; and (5) for a jury trial under certain circumstances, section 5(7), 75 PS §2055.

The Act of September 26, 1961, P. L. 1664, 35 PS §780-1, entitled The Drug, Device and Cosmetic Act, which was repealed specifically by the Act of June 14, 1972, sec. 43, supra, contained no provision for the forfeiture and condemnation of vehicles used in the transportation of narcotics and illegal drugs. The Act of July 3, 1941, supra, was of necessity used for that purpose. When the Act of 1972, supra, was enacted, section 28 of the act was included for the purpose of making forfeiture and condemnation uniform through Pennsylvania thereby eliminating the necessity for the Act of 1941, supra. We conclude it was the intention of the legislature in enacting the Act of 1972, supra, to

set up a general or exclusive system covering the entire subject of narcotics and illegal drugs.

Article VII, subsection 91 of the Statutory Construction Act of May 28, 1937, 46 PS §591, provides in part that: "Whenever a law purports to . . . [set] up a general or exclusive system covering the entire subject matter of a former law . . . such law shall be construed to repeal all former laws upon the same subject."

Considering what has been said above we hold that the repealing clause of the Act of 1972, supra, repeals the Act of 1941, supra, by implication and we make the following

## ORDER

And now, August 25, 1972, the rule on the Commonwealth of Pennsylvania granted the owner of the above motor vehicle to show cause why the application to have the motor vehicle adjudged forfeited to the Commonwealth should not be quashed is made absolute. This order is made without prejudice to the rights of the proper parties to proceed in accordance with the provisions of the appropriate law, each party to pay his own costs.